UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius Renee Walker ) | **Cr. No. 3:05-759-JFA-22** |
| Reg. No. 13618-171, ) | |
| ) | |
| Movant, ) | **Order** |
| _____ ) | |

The *pro se* movant is an inmate at the federal correctional institution at Tallahassee, Florida. The movant was convicted in Criminal No. 3:05-759-JFA-22 of conspiracy to distribute narcotics and false statements. The movant was originally sentenced to concurrent terms of 240 months on count 1 and to 60 months on count 37, but the sentence on count 1 was later reduced, on the motion of the United States, to 151 months.

In a form letter, the movant has requested copies of all documents and "main" files on the movant. The movant seeks the aforementioned documents under the Freedom of Information Act.[1]

---

[1]A federal court is **not** subject to the federal Freedom of Information Act. *See United States v. Miramontez*, 995 F.2d 56, 59 n. 3 (5th Cir. 1993) ("Even if Miramontez were asserting the FOIA as grounds for disclosure, he would not prevail. The FOIA directs agencies of the federal government to make certain information available to the public. 5 U.S.C. §§ 552. Federal courts, however, are expressly excluded from the definition of 'agency' for purposes of FOIA disclosure requirements. 5 U.S.C. § 551(1)(B)."). *See also Warth v. Department of Justice*, 595 F.2d 521, 523, 50 A.L.R.Fed. 331 (9th Cir. 1979) ("Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the public."); and *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2nd Cir. 1983), where the Court denied release of a pre-sentence report to a third party:

> As a court document, the presentence report is not within the purview of either the Freedom of Information Act, 5 U.S.C. § 552 (1976 & Supp. V 1981), or the Privacy Act, 5 U.S.C. § 552a (1976 & Supp. V 1981), notwithstanding its use or retention by agencies such as the Bureau of Prisons and the Parole Commission. *See FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982); *Cook v. Willingham*, 400 F.2d
>
> (continued...)

The Clerk of Court is authorized to file the movant's letter in the closed criminal case, Criminal No. 3:05-759-JFA-22, as of the date this order is received for docketing.

This court is required to construe *pro se* petitions, complaints, and even letters, liberally. Such *pro se* petitions or complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even after applying this less stringent standard, the movant's request for transcripts — which the undersigned is treating as a motion for free transcripts — cannot be granted.

Longstanding circuit precedents have provided that a prisoner who requests free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 & nn. 3-4 (4th Cir. 1972), *adhered to*, 465 F.2d 1091, 1092-96 (4th Cir. 1972)(denying rehearing *en banc*). **A state or federal prisoner does not have the right to request free transcripts so that he or she can search the record of conviction to find possible flaws.** See *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."); and *United States v. Shoaf*, 341 F.2d 832, 833-36 & nn. 1-6 (4th Cir. 1964) (reaffirming *Glass*). *Cf. United States v. MacCollum*, 426 U.S. 317 (1975) (indigent prisoner not entitled to free transcript to aid him or her in preparing a petition for collateral review). The United States District Court for the District of South Carolina has also applied those precedents in cases where state

---

(...continued)
 885 (10th Cir. 1968); AO Presentence Monograph at 27-28 & n. 3.

*United States v. Charmer Industries, Inc.*, 711 F.2d at 1170 n. 6.

2

prisoners have sought orders from this court to direct courts of the State of South Carolina to provide them free transcripts. *See*, *e.g.*, *Ham v. Leeke*, 459 F. Supp. 459, 462-63 & n. 11 (D.S.C. 1978), *appeal dismissed*, 586 F.2d 837 (4th Cir. 1978)[Table].

Moreover, since judgment in the petitioner's Section 2255 action is now final,[2] the petitioner's sole remaining remedy with respect to the two convictions is seeking leave from the United States Court of Appeals to file a successive petition. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[3]

The five-page form for seeking leave to file a successive petition is entitled a "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

This District Court is aware that federal prisoners convicted in the Seventh Judicial Circuit are allowed to obtain copies from closed criminal files. *See* the decision of the United States Court of Appeals for the Seventh Circuit in *Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). Although *Rush v. United States* supports the movant's request, *Rush v. United States* is not the law in the

---

[2]On November 19, 2008, the undersigned denied the movant's motion to vacate and motion for retroactive application of a guideline under 18 U.S.C. § 3582. The petitioner's appeal was not successful. On July 29, 2009, the Court of Appeals dismissed the movant's appeal. *United States v. Walker*, No. 09-6113, 329 Fed.Appx. 469, 2009 U.S. App. LEXIS 16657, 2009 WL 2259737 (4th Cir., July 29, 2009).

[3]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214 (1996), which is codified at 28 U.S.C. § 2244.

Fourth Judicial Circuit. Hence, the United States District Court for the District of South Carolina is bound by the decisions of the United States Court of Appeals for the Fourth Circuit.

Accordingly, the movant's motion for a free transcript of the proceedings in the prior criminal case is **denied**. The Clerk of Court may docket this order on the docket sheet for the closed criminal case, Criminal No. 3:05-759-JFA-22.

IT IS SO ORDERED.

May 21, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge